Submitted July 2, affirmed August 8, petition for review denied
December 27, 2012 (353 Or 127)

John CROSLEY,
*Petitioner,*

*v.*

COLUMBIA COUNTY,
*Respondent.*

Land Use Board of Appeals
2011093; A151317

286 P3d 911

Ross Day and T. Beau Ellis filed the brief for petitioner.

Robin R. McIntyre, Assistant County Counsel, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

Petitioner seeks review of a final order of the Land Use Board of Appeals (LUBA) that affirmed an order of the Columbia County Board of Commissioners that determined that petitioner had lost a vested right to complete construction of a dwelling because he discontinued construction for 30 years. LUBA upheld the county's decision based on a county ordinance and ORS 215.130(5), both of which provide that, when a nonconforming use is discontinued or interrupted for a certain period of time, the right to continue the nonconforming use is lost.

Petitioner argues that a vested right cannot be abandoned by operation of law and asks us to reconsider our decision in *Fountain Village Development Co. v. Multnomah Cty.*, 176 Or App 213, 31 P3d 458 (2001), *rev den*, 334 Or 411 (2002), in which we held that a vested right to construct a nonconforming use may be lost by abandonment, interruption, or discontinuance. Petitioner argues that our decision in *Fountain Village* ignored key differences between vested rights and nonconforming uses that necessitate treating them differently in this context. In *Fountain Village*, we explicitly characterized vested rights as "inchoate nonconforming uses" and held that "[n]othing in Oregon's case law or statutes precludes subjecting vested rights to develop property to the same limitations that apply to nonconforming uses generally[.]" *Id.* at 221. We decline to revisit that holding.

Affirmed.